# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14cv402

| | |
|---|---|
| LEVI A. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits and supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 15]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** the decision of the Commissioner.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits and an

application for supplemental security income on January 3, 2011. (Transcript of Administrative Record ("T.") 191, 195.) Plaintiff alleged an onset date of January 1, 2006. (T.191.) The Social Security Administration denied Plaintiff's claim. (T. 126.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 138-44.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 31-53.) The ALJ then issued a decision finding that Plaintiff was not disabled under Section 216(i) and 223(d) of the Social Security Act. (T. 18-28.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In her March 25, 2013, decision the ALJ found that Plaintiff is not disabled under Section 216(i) and 223(d) of the Social Security Act. (T. 28.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Security Act through September 30, 2011.

(2) The claimant has not engaged in substantial gainful activity since January 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

(3) The claimant had the following severe impairments: degenerative joint disease of the lumbar spine, status-post right tibia fracture with open reduction with internal fixation,

depression, anxiety, and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).

(4)   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

(5)   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except occasional postural activity, and avoidance of ladders, ropes, scaffolds, unprotected heights, and machines with dangerous parts. The claimant is able to follow short, simple instructions and perform routine tasks with no reading or writing required. He is able to sustain attention and concentration for two hours at a time. He can work with occasional public contact or interactions, and with frequent, but not continuous contact or interaction with coworkers and supervisors. He is unable to work at a production rate or demanding pace. He must avoid work environments requiring dealing with crisis situations, complex decision making, or constant changes in a routine setting.

(6)   The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7)   The claimant was born on June 3, 1963 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8)   The claimant is illiterate and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9)    Transferability of job skills is not an issue in this case because the claimant's past relevant work experience is unskilled (20 C.F.R. 404.1568 and 416.968).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969, 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2006, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 20-27.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id.

Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V.   Analysis[1]

At step three of the five step inquiry, the ALJ must determine whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P. Mastro, 270 F.3d at 177. A finding that a claimant's impairment meets one of the listing of impairments is sufficient to establish disability. 20 C.F.R. § 404.1520(a)(4)(iii). Here, the ALJ considered three listings – Listing 12.04, 12.06, and 12.05 – and concluded that the severity of these impairments do not meet or medically equal the criteria for establishing the listings. (T. 21.) The ALJ, however, failed to analyze Listing 12.05 under the proper regulatory framework.

Listing 12.04 addresses affective disorders. 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 12.00. Listing 12.06 addresses anxiety-related disorders. Id. Listing 12.05 addresses intellectual disability. Id. The ALJ lumped these three listings

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

together in her analysis and concluded that none of the three listings satisfy the paragraph B or paragraph C criteria. (T. 21.) As the regulations make clear, however, the analysis for Listing 12.05 is separate and distinct from that for Listing 12.04, Listing 12.06, and the other mental disorder listings. 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 12.00.

In order to meet the requirements for Listing 12.05, a claimant must satisfy the diagnostic description in the introductory paragraph for the listing and satisfy any one of the four sets of criteria. Id. The introductory paragraph for Listing 12.05 provides that "Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 12.05. "Deficits in adaptive functioning can include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety" Jackson v. Astrue, 467 F. App'x 214, 218 (4th Cir. 2012) (unpublished). Evidence that a claimant could barely read or write, even after a number of years of schooling, is evidence of intellectual disability occurring before the age of twenty-two. Turner v. Bowen, 856 .2d 695, 699 (4th Cir. 1988); Luckey

v. U.S. Dep't Health & Human Servs., 890 F.2d 666, 668-69 (4th Cir. 1989); Boyd v. Astrue, 746 F. Supp. 2d 688, 691-92 (E.D.N.C. 2010).

In addition to satisfying the diagnostic description, a claimant must satisfy the requirements in paragraph A, B, C, or D. 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 12.05. Paragraph A requires evidence that the mental incapacity of the claimant creates a dependence on others for personal needs and an inability of the claimant "to follow directions, such that the use of standardized measures of intellectual functioning is precluded." Id. Paragraph B requires that the claimant has a valid verbal, performance, or full scale IQ of 59 or less. Id. Paragraph requires that the claimant has a valid verbal, performance, or full scale IQ of 60 through 70 combined with a mental or physical impairment that imposes an additional and significant work-related limitation on the claimant. Id. Paragraph D requires an IQ in the 60 through 70 range, which results in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation of extended duration. Id.

The ALJ failed to utilize this regulatory framework and determine whether Plaintiff satisfied the requirements for Listing 12.05. Instead, the ALJ applied the

framework for considering other mental impairments. (T. 21.) By applying the incorrect legal framework for determining whether Plaintiff met the requirements of Listing 12.05, the ALJ erred.

Moreover, this error was not harmless. The record contains evidence that Plaintiff had limitations in adaptive functioning, including functional academic skills, that manifested before the age of twenty-two. Plaintiff is illiterate (T. 26, 268, 424) and his school records reflect that he had an IQ of 69 and tested in the 2nd percentile in reading and the 8th percentile in math. (T. 334-38.) In addition, the record contains two IQ scores of 69 from Plaintiff's childhood (T. 334-35) and a contemporary verbal score of 70 (T. 398). Finally, the ALJ determined that Plaintiff had additional physical impairments that imposed significant work related limitations. (T. 20.)

The ALJ was required to consider whether Plaintiff met Listing 12.05 by utilizing the proper legal framework and to adequately explain her reasoning that the Plaintiff failed to meet the requirements for Listing 12.05 in her decision in sufficient detail to allow this Court to conduct meaningful review of the decision. It is not for this Court, however, to apply the correct legal framework in the first instance and make a determination as to whether Plaintiff meets the requirements for Listing 12.05. See generally Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.

2013). Rather, this determination is reserved for the Commissioner. Accordingly, remand is required in this case.[2] The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [# 11] and **REMAND** this case for further proceedings. On remand, the ALJ should also be mindful to explicitly state in the decision the weight she assigns to the various medical opinions in the record so that this Court will not have to determine whether an error to explicitly state the weight given to a medical opinion is harmless. See generally Nolen v. Colvin, No. 3:12CV571-GCM-DCK, 2014 WL 65355, at *7-8 (W.D.N.C. Jan. 8, 2014) (Mullen, J.); Courtney v. Colvin, Civil No. 2:12-cv-00073-MR-DLH, 2014 WL 1882583, at *7 (W.D.N.C. May 12, 2014) (Reidinger, J.).

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: June 30, 2015

Dennis L. Howell
United States Magistrate Judge

---

2  The Court notes that this is not a case where the ALJ simply failed to articulate in the decision why a claimant failed to meet a particular listing, but, rather, a situation where the articulated reason in the decision for why a claimant failed to satisfy a particular listing was based on the application of the incorrect regulatory framework.

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).